**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>    v.<br><br>Stepping Stonez Development, LLC, et al.,<br><br>    Defendants. | No. CV-16-00351-PHX-DJH<br><br>**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |

    Plaintiff, Federal Trade Commission ("FTC"), commenced this civil action on February 8, 2016, by filing its Complaint (Doc. 1) seeking a permanent injunction and other equitable relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b).   On February 12, 2016, the Court entered a Stipulated Temporary Restraining Order against Defendants (Doc. 19).   On February 25, 2016, the Court entered a Stipulated Preliminary Injunction against Defendants (Doc. 21).   The FTC and Defendants have stipulated (Doc. 43) and agreed to entry of this Final Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

Accordingly,

**IT IS ORDERED** that the Stipulation to Enter Final Order for Permanent Injunction and Monetary Judgment (Doc. 43) is **GRANTED**.

## FINDINGS

By stipulation of the parties, **THE COURT FINDS** as follows:

1. This Court has jurisdiction over this matter.
2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with the marketing and sale of academic degree and certification programs.
3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.
4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.
5. Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.
6. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Academic Degree or Certification Program**" means any product, service, plan, or program that provides or purports to provide doctoral degrees, master's degrees, bachelor's degrees, associate's degrees, high school diplomas or high school equivalency diplomas or certificates, certifications, certificates, or any other document that confers or purports to confer a qualification, records or purports to record success in examinations or successful completion of a course of study, or

    evidences or purports to evidence that a consumer has completed and shown proficiency in a curriculum recognized as necessary to earn the indicated degree, diploma, certification, certificate, or other document, whether denominated as a degree, diploma, certification, certificate, or other name, whether denoted as a real or novelty item.

B.   "**Customer**" means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

C.   "**Defendants**" means the Individual Defendant and the Corporate Defendants, individually, collectively, or in any combination. "**Corporate Defendants**" means Stepping Stonez Development, LLC, Intentional Growth, LLC, and their successors and assigns. "**Individual Defendant**" means Stephen J. Remley, and any other name by which he may be known.

D.   "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

## ORDER

## BAN ON ACADEMIC DEGREE AND CERTIFICATION PROGRAMS

I.   **IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

    A. Advertising, marketing, promoting, or offering for sale any academic degree or certification program; and

    B. Assisting others engaged in the advertising, marketing, promoting, or offering for sale of any academic degree or certification program.

## PROHIBITION AGAINST MISREPRESENTATIONS

II.   **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A. The total costs to purchase, receive, or use, and the quantity of, any good or service;

B. Any material restriction, limitation, or condition to purchase, receive, or use any good or service;

C. Any material aspect of the performance, efficacy, nature, or central characteristics of any good or service;

D. The nature, expertise, position, or job title of any person who provides any good or service;

E. The person who will provide any good or service;

F. Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which the full or partial refund will be granted to the consumer;

G. That any person providing a testimonial has purchased, received, or used the good or service;

H. That the experience represented in a testimonial of a good or service represents the person's actual experience resulting from the use of the good or service under the circumstances depicted in the advertisement;

I. That the experience represented in a testimonial of a good or service is representative of what consumers will generally achieve with the good or service;

J. That any person is affiliated with, endorsed or approved by, accredited by, or

4

       otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program; or

K.   Any other fact material to a consumer's decision to purchase any good or service.

**MONETARY JUDGMENT AND PARTIAL SUSPENSION**

**III.**   **IT IS FURTHER ORDERED** that:

A. Judgment in the amount of EIGHT MILLION, FIVE HUNDRED FIFTY THOUSAND, EIGHT HUNDRED, AND FORTY DOLLARS ($8,550,840) is entered in favor of the FTC against Individual Defendant and Corporate Defendants, jointly and severally, as equitable monetary relief.

B. In partial satisfaction of the judgment against Defendants:

1. Bank of America shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in account numbers xxxx7392 in the name of Stepping Stonez Development, LLC, xxxx7741 in the name of Intentional Growth, LLC, and xxxx4113 in the name of Stephen Remley and Kendall Remley;

2. Authorize.net LLC shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, associated with merchant account numbers xxxx0441 in the name of Stepping Stonez Development, LLC d/b/a American Urgent Care, xxxx5719 in the name of Stepping Stonez Development, LLC d/b/a Critical Response Cert, xxxx5467 in the name of Stepping Stonez Development, LLC d/b/a Critical Training Spec, xxxx6728 in the name of Stepping Stonez Development, LLC d/b/a Medical Assistance Test, xxxx6708 in the name of Stepping Stonez Development, LLC d/b/a National Online Medical, xxxx6719 in the name of Stepping Stonez Development, LLC d/b/a North American Health, xxxx0435 in the name of

5

Stepping Stonez Development, LLC d/b/a Practical Healthcare, xxxx0432 in the name of Stepping Stonez Development, LLC d/b/a United Medical Training, xxxx1032 in the name of Stepping Stonez Development, LLC d/b/a American Certification Specialists, xxxx7537 in the name of Stepping Stonez Development, LLC, xxxx2167 in the name of Stepping Stonez Development, LLC, and xxxx4731 in the name of Intentional Growth, LLC;

3. First Data Corporation shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, associated with merchant account numbers xxxx0880 in the name of Stepping Stonez Development, LLC d/b/a American Certification, xxxx2884 in the name of Stepping Stonez Development, LLC d/b/a Practical Healthcare, xxxx0885 in the name of Stepping Stonez Development, LLC d/b/a Response Services Training, xxxx9886 in the name of Stepping Stonez Development, LLC d/b/a North American Urgent, xxxx0888 in the name of Stepping Stonez Development, LLC d/b/a American Health Training, xxxx4881 in the name of Stepping Stonez Development, LLC d/b/a National Online Health, xxxx6880 in the name of Stepping Stonez Development, LLC d/b/a Medical Assistance Testing, xxxx0883 in the name of Stepping Stonez Development, LLC d/b/a North American Health, xxxx2887 in the name of Stepping Stonez Development, LLC d/b/a Critical Response Cert, xxxx6886 in the name of Stepping Stonez Development, LLC d/b/a Practical Emergency Training, xxxx0882 in the name of Stepping Stonez Development, LLC d/b/a National Emergency Assistance, xxxx1883 in the name of Stepping Stonez Development, LLC d/b/a Online Assistance Development, xxxx5885 in the name of Stepping Stonez Development, LLC d/b/a American Urgent Care, xxxx8884 in the name of Stepping Stonez Development, LLC d/b/a Critical Training Specialists,

xxxx6882 in the name of Stepping Stonez Development, LLC d/b/a Response Services, xxxx0881 in the name of Stepping Stonez Development, LLC d/b/a National Online Health, xxxx6885 in the name of Stepping Stonez Development, LLC, xxxx3885 in the name of Stepping Stonez Development, LLC, xxxx4882 in the name of Stepping Stonez Development, LLC, xxxx8881 in the name of Stepping Stonez Development, LLC, xxxx2885 in the name of Stepping Stonez Development, LLC, xxxx7886 in the name of Stepping Stonez Development, LLC, and xxxx7889 in the name of Stepping Stonez Development, LLC;

4. PayPal, Inc. shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, associated with account numbers xxxx2535 in the name of Stephen Remley, xxxx7667 in the name of Stephen Remley, xxxx4368 in the name of Stephen Remley, xxxx7854 in the name of Stephen Remley, xxxx6311 in the name of Stephen Remley, and xxxx0857 in the name of Stephen Remley;

5. Defendant Stephen Remley shall, within ten (10) business days from receipt of a copy of this Order, turn over to the FTC or its designated agent:   (i) the 1964 Red Fender Telecaster guitar identified on his financial statement, (ii) the 1995 Fender Blue Acoustic guitar identified on his financial statement, (iii) Super Mario guitar identified on his financial statement, (iv) Red Acoustic guitar identified on his financial statement, (v) the Fender guitar amplifier identified on his financial statement, (vi) music recording equipment identified on his financial statement, (vii) 1996 Cannondale BMX bicycle identified on his financial statement, (viii) 2009 Specialized bicycle identified on his financial statement, (ix) the 18 karat BMW key chain identified on his financial statement, (x) the 18 karat Ferrari key chain identified on his financial statement, (xi) the 18

karat gold pin identified on his financial statement, (xii) the 10 karat gold pin identified on his financial statement, (xiii) the Rolex gold-plated pen identified on his financial statement, (xiv) the vintage video games, pencils, and LCD watch collections identified on his financial statement, (xv) vintage Bibles collection identified on his financial statement, and (xvi) the vintage stereo collection identified on his financial statement. Defendant Remley shall cooperate fully with the FTC or its designated agent and shall execute any instrument or document presented by the FTC or its designated agent, and do whatever else the FTC or its designated agent deems necessary or desirable to effect such transfers;

C. Upon completion of the asset transfers set forth in Section III.B of this Order, the remainder of the judgment as to Individual Defendant is suspended, subject to the Subsections below.

D. The asset freeze is modified to permit the transfers identified in this Section. Upon completion of those transfers, the asset freeze is dissolved.

E. The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the FTC, namely: (1) the Financial Statement of Individual Defendant Stephen Remley signed on March 3, 2016, including the attachments; and (2) the Financial Statement of Corporate Defendants Stepping Stonez Development, LLC and Intentional Growth, LLC signed by Stephen Remley on March 3, 2016, including the attachments.

F. The suspension of the judgment will be lifted as to Individual Defendant if, upon motion by the FTC, the Court finds that Individual Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other

material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to Individual Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order).

H. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the

FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

## CUSTOMER INFORMATION

IV. **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the FTC to efficiently administer consumer redress.   If a representative of the FTC requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the FTC, within 14 days.

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of any academic degree or certification program; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law,

10

regulation, or court order.

## COOPERATION

V. **IT IS FURTHER ORDERED** that Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Defendants must provide truthful and complete information, evidence, and testimony. Individual Defendant must appear and Corporate Defendants must cause Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that an FTC representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as an FTC representative may designate, without the service of a subpoena.

## ORDER ACKNOWLEDGMENTS

VI. **IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

    A. Each Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

    B. For 5 years after entry of this Order, Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. In any other business, such as one in which Individual Defendant is an employee without any

      ownership or control, Individual Defendant must deliver a copy of this Order to all principals and managers of the business before participating in conduct related to the subject matter of this Order.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

**VII.**    **IT IS FURTHER ORDERED** that Defendants make timely submissions to the FTC:

A.    One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Defendant must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

12

    2. Additionally, Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

    2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.]

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Stepping Stonez Development, X160027.

## RECORDKEEPING

VIII. **IT IS FURTHER ORDERED** that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendants and Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone

numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. A copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

IX. **IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant. Defendant must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its

15

representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## RETENTION OF JURISDICTION

X. **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**Dated** this 30th day of November, 2016.

_____
Honorable Diane J. Humetewa
United States District Judge

16